IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:13CR165 |
| | § | |
| MICHAEL ANTHONY GOODLOE, JR. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 16, 2013, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Camelia Lopez.

On March 24, 2011, Defendant was sentenced by the Honorable Mary Ann Vial Lemmon, United States District Judge, to a sentence of 18 months imprisonment followed by a three-year term of supervised release for the offense of Conspiracy to Commit Healthcare Fraud. Defendant began his term of supervision on April 27, 2012. On July 8, 2013, the case was transferred to the Honorable Marcia A. Crone, United States District Judge.

On September 6, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase,

possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;; (3) Defendant shall not possess a controlled substance; (4) Defendant shall abstain from the consumption of alcohol and all other intoxicants during his term of supervision; (5) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons; (7) Defendant shall maintain full-time legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, Defendant shall provide documentation including but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer; (8) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (9) Defendant shall not possess a controlled substance; (10) Defendant shall abstain from the consumption of alcohol and all other intoxicants during his term of supervision; (11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (12) Defendant shall participate in a program of testing and/or treatment for alcohol abuse, which may include breath and urine testing and residential treatment, as directed by the United States Probation Officer. Defendant shall contribute to the costs of such treatment to the extent Defendant is deemed capable by the United States Probation Officer; (13) Defendant shall pay a $100 special assessment, and restitution imposed by this judgment in the amount of $103,325.00,

at a rate of $500 per month. The payment is subject to increase or decrease based on Defendant's ability to pay.

The Petition alleges that Defendant committed the following violations: (1) On February 6, 2013, Defendant was arrested by the Carrollton, Texas, Police Department for Driving While Intoxicated-2nd. According to the offense report, Defendant was observed to be asleep behind the wheel of his vehicle and exhibited various signs of being intoxicated by a drug or other substance, and the officers observed several prescription pill bottles inside the vehicle. Defendant was arrested for DWI-2nd offense, and transported to the City of Carrollton Jail. He was released on bond on February 7, 2013, and no future court date is available as of September 6, 2013; (2) Defendant failed to submit a monthly supervision report for the month of January 2013, due by February 5, 2013; (3) Defendant has failed to work regularly at a lawful occupation during his term of supervision, and has been unemployed for a term of more than 30 days. Defendant underwent hip replacement surgery in July 2012, and was unable to work for approximately two months thereafter; however, Defendant has failed to secure and maintain legitimate employment since being medically approved to return to work on or about October 1, 2012; (4) During an office visit on February 13, 2013, Defendant admitted verbally and in writing to using cocaine and alcohol on or about February 4 and 5, 2013, and to using cocaine again on February 8, 2013. During a search of the defendant, subsequent to his arrest for DWI-2nd on February 6, 2013, officers located a clear plastic bag, a white cylinder resembling a straw, and a white powdery residue which field tested positive for cocaine; (5) Defendant was arrested by the Carrollton, Texas, Police Department on February 6, 2013, and failed to notify the probation officer of his arrest within 72 hours; (6) Defendant failed to report for drug treatment sessions at Addiction Recovery Center in Lewisville, Texas, on June 28, 2012, December

28, 2012, and January 31, 2013.  He also failed to report for drug testing as directed on November 2, 2012, December 17, 2012, and December 28, 2012; (7) On June 14, 2012, a payment schedule was executed wherein Defendant agreed to pay no less than $120 per month or 10% gross income (the greater amount), beginning June 25, 2012.  Defendant has only paid a total of $275 during his term of supervised release, and is in default status.  The last restitution payment of $125 was posted on November 29, 2012.  The special assessment has been paid in full, and the outstanding restitution balance is $103,130.

At the hearing, Defendant entered a plea of true to all the alleged violations except Allegation No. 1 - DWI-2nd offense.  Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.  The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 16, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with 30 months supervised release to follow.  The sentence shall run consecutively to any State Court sentences. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 21st day of October, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE