IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:13-CR-165(1) |
| | § |
| MICHAEL ANTHONY GOODLOE, JR., | § |
| | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 15, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Kevin McClendon.

On March 24, 2011, Defendant was sentenced by the Honorable United States District Judge Mary Ann Vial Lemmon of the Eastern District of Louisiana after pleading guilty to the offense of Conspiracy to Commit Healthcare Fraud, a Class D felony. Defendant was sentenced to eighteen (18) months imprisonment followed by a three (3) year time of supervised release. On April 27, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release.

On December 17, 2013, the term of supervised release was revoked, and the Defendant was sentenced to six (6) months imprisonment, followed by a thirty (30) month term of

supervised release. On November 18, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release in the Eastern District of Texas.

On September 4, 2012, the Defendant's conditions of supervised release were modified to include alcohol abstinence.

On July 8, 2013, jurisdiction of this case was transferred to the Eastern District of Texas.

On May 8, 2015, the Defendant's conditions of supervised release were modified to include home detention on location monitoring for a period of one hundred twenty (120) days, alcohol abstinence, and participation in Alcoholics Anonymous or similar meetings as directed by the probation officer.

On June 23, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 18 Sealed]. The Petition asserted that Defendant violated seven (7) conditions of supervision, numbered as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) and (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not commit another federal, state, or local crime; (5) Defendant shall pay restitution in the amount of $103,130, on a monthly basis at a rate of at least 10% of his monthly gross income; (7)*[sic]* Under the guidance and direction of the U.S. Probation Office, the Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by a treatment provider; and (8)*[sic]* Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) On April 9, 2015, the Defendant was arrested by the Carrollton, TX, Police Department for the offense of Driving While Intoxicated-2nd. According to the arrest report, the Defendant was observed to have a strong odor of alcohol on his breath, his eyes were red and watery, and he failed the field sobriety tests. He was released from custody the evening of April 9, 2015, and this offense is pending in Denton County Criminal Court at Law; (3) and (4) On May 31, 2015, the Defendant was arrested by the Addison, TX, Police Department for the offense of Driving While Intoxicated-3rd, a felony offense, and Possession of Drug Paraphernalia. According to the arrest report, the Defendant was found to be asleep behind the wheel of his vehicle, which was stopped at stoplight. During a search of the Defendant, officers discovered a clear pipe containing a white residue, and upon questioning the Defendant, he reportedly admitted to smoking methamphetamine earlier that morning. A further search of the Defendant and his vehicle revealed a prescription bottle containing numerous whole and partial pills, identified as Clonazepam/Xanax. The Defendant reportedly failed the field sobriety exams, was arrested, and booked into the Addison Jail. He was subsequently transferred to the custody of the Dallas County Sheriff's Office, where he is being held subject to a $25,000 bond on a charge of Driving While Intoxicated, 3rd, Case No. F- 15-10104. No court date information is available at this time as this case is pending indictment; (5) On January 5, 2015, the Defendant signed a payment schedule agreeing to pay at least $100 per month toward his restitution balance beginning February 1, 2015. The Defendant has only paid $100 since signing the payment schedule, and is in default status. As of this writing, the outstanding balance is $103,030; (7)*[sic]* The Defendant failed to attend his mental health treatment sessions with Dr. Amy Williams, in Flower Mound, TX, on May 21 and 26, 2015. The Defendant also rescheduled his sessions on numerous

occasions, and his response to treatment was rated as "minimal" by the therapist and (8)*[sic]* Defendant failed to report for drug testing at Addiction Recovery Center in Lewisville, TX, on January 7, April 8, and May 11, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition, specifically that Defendant shall not commit another federal, state, or local crime; and that Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. The Government withdrew the remaining allegations. Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months plus 18 days, with no term of supervised release to follow. Defendant will complete payment of restitution.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth facility, if appropriate. SIGNED this 15th day of December, 2015.

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE